Missouri, Kansas & Texas Railway Company of Texas v.
A. W. Jolly.

Decided February 28, 1903.

1.—Railroads—Crossings—Joint Sidings—Negligence.

Where defendant railway company and another such company maintained a joint depot, yards and sidings, with a joint agent in charge, at a point where their lines crossed, and plaintiff was injured by reason of his horse being frightened by a car left standing in the street by the servants of the other company, defendant was not liable, although it owned the ground on which the car stood. Although the statute in reference to sidings, etc., at points where railroads cross does not expressly authorize joint sidings, or the lease of sidings for joint use, there is nothing illegal in such joint arrangements. Rev. Stats., art. 4440.

2.—Contributory Negligence—Burden of Proof.

Where plaintiff's own testimony raises the issue of contributory negligence, it is error to charge that the burden of showing contributory negligence is on the defendant.

Appeal from the District Court of Denton. Trial below before Hon. Ben H. Denton.

*T. S. Miller* and *Head & Dillard,* for appellant.

*W. E. McMahon, R. B. Semple,* and *Thos. P. Steger,* for appellee.

RAINEY, Chief Justice.—Appellee sued appellant to recover for personal injuries alleged to have resulted to him from being thrown from his buggy by reason of his horse becoming frightened at a car standing on appellant's track and partly in the street along which plaintiff was traveling. Verdict and judgment for plaintiff.

The accident occurred at Bells, where the appellant's road and that of the Texas & Pacific Railway Company cross. These two roads have and maintain there a joint depot and yards, having a joint agent in charge. They have certain Y and switch tracks which are used by both. One of the tracks is known as the team track, on which cars containing merchandise for customers at Bells are left to be unloaded by such customers. The car at which plaintiff's horse had become frightened had been brought in and left there by a local freight train operated solely by the servants of the Texas & Pacific Railway Company, to be unloaded by one of its customers, and with and over which appellant had no connection or control whatever. The street crossed the tracks there, it being a public thoroughfare, and the car was left standing partly in the street, with room enough for vehicles to pass. The plaintiff was traveling in his buggy west, and first came to the east Y track on which a car of appellant had been left close to the north side of the street to be taken up by the Texas & Pacific and transported to some point on its line. When passing this car plaintiff's horse showed slight evidence of fright, and he tapped him with his whip. When he approached the second car, the one left on the team track by the Texas & Pacific, the horse became

frightened, backed the buggy, and threw plaintiff out and he was injured as alleged.

The evidence fails to show liability on the part of appellant. While it does not definitely appear what agreement or arrangement existed between said companies relative to the use of said track, we take it that, under the circumstances, said use by either was not illegal. Article 4440 provides for the crossing, etc., of railways, and for the construction of necessary turnouts, sidings and switches, and other conveniences in furtherance of the objects of such connections. Articles 4535, 4536 and 4539 require the interchange of business of railroads crossing each other.

While the statutes do not in express terms authorize the construction and maintaining of joint sidings, etc., or the lease of sidings, etc., owned by one to the other for a joint use, etc., yet, as the joint construction and maintenance of sidings, etc., or the lease thereof would lessen the expense and facilitate the interchange of businesss, such would not be in contravention of the statutes and illegal. Nor would it render both roads liable when the injury resulted solely from the negligence, if any, of the servants of the Texas & Pacific Railway Company in conducting its own business, with which appellant had no connection, over which it had no control, and in which it had no interest. Had the injury resulted from a failure of duty imposed upon them jointly, then a different state of case would be presented. Railway Co. v. Cardwell, 59 S. W. Rep., 288; Pierce on Railroads, p. 283, approved in Railway Co. v. Underwood, 67 Texas, 593.

The plaintiff alleged in substance, as a basis for recovery, that appellant's servants negligently left and permitted said car to stand so near to and upon said crossing as to obstruct safe travel, etc. The proof showed that the car was left there by the servants of the Texas & Pacific Railway Company in conducting its own business on a track used by both roads. Under these allegations and proof no recovery could be had against appellant.

But it is insisted that the track on which the car was standing was on the ground of appellant. This, we think, does not alter the case, unless the Texas & Pacific Company was using the track illegally.

The court, in its charge, placed the burden of proof on defendant to establish contributory negligence. This was error, as the testimony which raised the issue of contributory negligence was produced by plaintiff. Railway Co. v. Reed, 88 Texas, 439; Railway Co. v. Lewis, 63 S. W. Rep., 1091.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*