A. W. JOLLY v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

Decided February 18, 1905.

**Railroads—Joint Use of Tracks—Injury at Crossing.**

Where two railway companies maintained a joint depot and yards at a point where their tracks intersected, with a joint agent in charge, negligence of the servants of one of the roads in leaving a car on a joint switch track, so that it stood partly in a street, did not render the other road liable for injury to one whose horse became frightened at the car.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*Richard B. Semple, Thos. P. Steger* and *M. M. McMahon,* for appellant.—1. It was the duty of appellee to keep that portion of its roadbed which crossed said street clear of all obstruction by said cars, and since said accident was occasioned by said cars being on appellee's

track within said street, and the evidence submitted to the jury showed such facts, it was error for the court to charge the jury to find for defendant. Arts. 549c, 4435, Sayles' Civ. Stats.; Railway v. Owens, 8 Texas Ct. Rep., 69; Railway v. Holt, 70 S. W. Rep., 591; Railway v. McManus, 15 Texas Civ. App., 122; 1 Thompson on Neg., p. 359; Pierce on Railroads, p. 248; Webb's Pollock on Torts, 24.

2. Where one railroad crosses the line of another railroad and the railway companies operating said railroads own in partnership a joint depot for the reception of freight and passengers coming to each railroad and employ a joint depot agent who manages the business of both said roads at said station, and said plaintiff is injured by the negligence of employes of one of said roads in placing and leaving cars owned by such road on the track of the other of said roads where the same crosses a street in a duly incorporated town, the fact that said cars and said employes were not in the service of said second road would not relieve it from liability to plaintiff for such injury. Missouri, K. & T. Ry. Co. v. Owens, 8 Texas Ct. Rep., 67; Gulf, C. & S. F. Ry. Co. v. Miller, 9 Texas Ct. Rep., 757; Ray v. P. & N. T. Ry. Co., 4 Texas Law Journal, 18.

*Head, Dillard & Head,* for appellee.—Articles 549c and 4435 of our Revised Statutes were enacted for the purpose of prescribing the respective duties of railway companies and municipal authorities in reference to constructing and keeping in repair the highway proper at points of intersection, and have no reference to temporary obstructions caused by cars left by other companies on joint sidings used by connecting railway companies in obedience to other statutes of this State. Railway v. Able, 72 Texas, 150; Railway v. Connelly, 39 S. W. Rep., 145; Railway v. Haddox, 81 S. W. Rep., 1036.

RAINEY, CHIEF JUSTICE.—This suit was brought by appellant to recover of appellee damages for personal injuries to appellant caused by the alleged negligence of appellee's servants in leaving a car on its track, which car extended into the public street and which frightened appellant's horse, causing it to back and throw him out of his buggy and injure him. The court instructed a verdict for the railway company, and judgment was entered accordingly.

The evidence shows that the accident occurred at Bells, where the appellant's road and that of the Texas & Pacific Railway Company cross. These two roads have and maintain there a joint depot and yards, having a joint agent in charge. They have certain Y and switch tracks which are used by both. One of the tracks is known as the "team track," on which cars containing merchandise for customers at Bells are left to be unloaded by such customers. The car at which plaintiff's horse had become frightened had been brought in and left there by a local freight train operated solely by the servants of the Texas & Pacific Railway Company, to be unloaded by one of its customers, and with and over which appellant had no connection or control whatever. The street crossed the tracks there, it being a public thoroughfare, and the car was left standing partly in the street, with room enough for vehicles to pass. The plaintiff was traveling in his buggy west, and first came to the east Y track, on which a car of appellant had been left

close to the north side of the street to be taken up by the Texas & Pacific and transported to some point on its line. When passing this car, plaintiff's horse showed slight evidence of fright, and he tapped him with his whip. When he approached the second car, the one left on the team track by the Texas & Pacific, the horse became frightened, backed the buggy, and threw plaintiff out, and he was injured as alleged.

This is the second appeal of this case. We reversed the case on the former appeal for the reason that no liability was shown as against the appellee. 31 Texas Civ. App., 512, 72 S. W. Rep., 871. The facts on this appeal are practically the same, and we are still of the opinion that plaintiff was not entitled to recover, and the court did not err in instructing a verdict for defendant. The statute provides for the interchange of business at the crossing of two railways, and in our opinion the negligence in the use of the tracks for that purpose by one of said roads should not throw responsibility on the other therefor. The car at which plaintiff's horse became frightened was handled exclusively by the Texas & Pacific Railway Company's servants. It was so handled in the exclusive interest of the Texas & Pacific Railway and it was owned by the Texas & Pacific Railway Company, and the appellee had no part or interest whatever in it or its disposition.

We think the proof fails absolutely to show negligence on the part of appellee, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.