BROUGHTON et al. v. GULF, C. & S. F. RY. CO. et al.   (No. 7167.)

(Court of Civil Appeals of Texas. Galveston. April 10, 1916. Rehearing Denied May 18, 1916.)

1. RAILROADS ⟨key⟩400(1)—NEGLIGENCE—JURY QUESTION.

Evidence *held* to present a question for the jury as to whether a railroad company operating its line on a street was negligent in driving cars against standing cars with such force as to cause such standing cars to strike plaintiff, who was crossing the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365, 1367; Dec. Dig. ⟨key⟩400(1).]

2. RAILROADS ⟨key⟩400(10) — CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

Evidence *held* not to show that plaintiff was. as a matter of law, guilty of contributory negligence in crossing a railroad track near standing cars, which were struck by other cars and driven against him.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1377; Dec. Dig. ⟨key⟩400(10).]

3. RAILROADS ⟨key⟩262—PERSONAL INJURIES— LIABILITY OF COMPANY PERMITTING USE BY OTHER LINES.

A railroad permitting the connecting carrier to use its tracks in delivering loaded cars, as required by Rev. St. 1911, arts. 6687, 6688, is not liable for injuries caused by the negligence of such connecting carrier on its track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 831, 832; Dec. Dig. ⟨key⟩262.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by W. H. Broughton and another against the Gulf, Colorado & Santa Fé Railway Company and another. Judgment for defendants, and plaintiffs appeal. Affirmed in part, and reversed in part.

J. W. Conger and Krause & Wilson, all of Bay City, for appellants. Terry, Cavin & Mills, A. H. Culwell, and John G. Gregg, all of Galveston, for appellee Gulf, C.·& S. F. Ry. Co. Gaines & Corbett, of Bay City, and Claude Pollard and E. H. Crenshaw, Jr., all of Kingsville, for appellee Andrews.

McMEANS, J.   W. H. Broughton, for himself and as next friend for his minor son, Ira Broughton, brought this suit against the Gulf, Colorado & Santa Fé Railway Company

and the St. Louis, Brownsville & Mexico Railway Company, to recover damages on account of injuries received by his said minor son, a boy of about 13 years of age, alleged to have resulted from the negligence of the defendants. The recovery sought was $25,600, apportioned as follows: $20,000 for the boy for the personal injuries sustained, $5,000 for the father on account of the loss of his son's services during minority, and $600 for medical expenses, etc. The statement of the pleadings of the plaintiffs as set out in their brief is accepted by the defendants as being substantially accurate and is adopted by us.

Plaintiffs alleged that the defendants, Gulf, Colorado & Santa Fé Railway Company, a corporation incorporated, organized, and existing under and by virtue of a charter from the state of Texas, owned and operated a line of railway through Matagorda county and the city of Bay City, Tex. (being an incorporated town), entering the corporate limits of the said city on Avenue J, at the north side of the city, and running practically north and south to First street; that said Avenue J was one of the public streets of the city, dedicated to the public (thus shown to have been dedicated by the map and plat of the said city of record), and that said public street had been accepted and used by the public both prior to and ever since the defendant Gulf, Colorado & Santa Fé Railway Company had built and constructed its tracks, both main line and switches, thereon; and that the public, with the legal right and with the knowledge and consent of the defendants, Gulf, Colorado & Santa Fé Railway Company and Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, used said public street and the spaces between the tracks of the defendant Gulf, Colorado & Santa Fé Railway Company as a walkway at all times, both night and day.

Plaintiffs further alleged that the defendant St. Louis, Brownsville & Mexico Railway Company is a corporation duly organized and existing under the laws of the state of Texas, and owns and operates a line of railway, by and through its receiver, Frank Andrews, in and through Bay City and Matagorda county, Tex., entering the city of Bay City on the west on First street, and continuing through the said city on First street to Avenue J, where it crosses the line of railway owned by the defendant Gulf, Colorado & Santa Fé Railway Company; that the said railway companies have and own jointly the necessary connecting tracks and switches to enable them to make transfers from one road to the other as connecting lines; that on April 6, 1914, the defendant Frank Andrews, receiver for the St. Louis, Brownsville & Mexico Railway Company, having several cars of freight to deliver to its connecting line, the Gulf, Colorado & Santa Fé Railway Company, entered with its train of cars upon

the line of the said defendant Santa Fé Company, backing the train of cars upon the said main line and switches of the said company from its entry thereon at about Second street to and across Third, Fourth, Fifth, Sixth, Seventh, and Eighth streets, and intervening blocks; that one of the servants of the defendant Gulf, Colorado & Santa Fé Railway Company, at the south line of Sixth street (running east and west and lying at right angles with Avenue J), seeing the trains of cars being backed by the defendant St. Louis, Brownsville & Mexico Railway Company, opened the switch, and permitted said crew to enter with their train without the necessity of making a stop, and that said train was backed into said switch and across Sixth, Seventh, and Eighth streets and the block intervening at a reckless rate of speed of not less than 15 miles per hour, and without giving signal or warning of any kind, and without having a lookout upon said train to warn pedestrians or persons who might be upon the track and in danger from the said train; that the only persons in charge of said train, the conductor and brakeman, alighted from the said train at the south line of Sixth street and permitted the said train to pass on at such reckless rate of speed from Sixth street to and across Seventh and Eighth unattended, and further alleging that said defendant Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, entered the tracks of the defendant Gulf, Colorado & Santa Fé Railway Company, under and by virtue of a contract and agreement with said company and with their consent and acquiescence.

Plaintiffs further alleged that the plaintiff Ira Broughton, a boy about 13 years of age, was en route from the business portion of the city of Bay City to his home, and traveling east on Seventh street he reached Avenue J, entering upon the said avenue at its juncture with Seventh street, he turned on Avenue J, going a short distance in this direction, when he saw coming from the north on the Gulf, Colorado & Santa Fé main track a train of cars, and believing it would be less dangerous to cross over the side track running parallel with the main line he crossed such side track just to the south of some two or three box cars standing thereon, and proceeding north on the east side of said cars in the spaces between the tracks to the north end of said cars, at which point he stopped to await the passing of the train going south which at that time was just opposite to where he stood only momentarily. Just at this time the train being backed in on the said track by the defendant St. Louis, Brownsville & Mexico Railway Company at a dangerous and reckless rate of speed, without a lookout, and without any warning whatever, collided with the cars standing upon the said side track, causing the cars to collide with the plaintiff Ira Broughton (who had mo-

mentarily stopped to await the passing of the other train from the north, as stated), knocking him down and running over his left foot, badly crushing the same, so that it was necessary to amputate it. Further, that the plaintiff Ira Broughton's attention was called to the passing train from the north, which he sought to avoid, and the train from the south, being backed in without any warning whatever, did not attract his attention; that he had, upon entering the said tracks upon Avenue J, looked both to the north and to the south, and saw coming from the north some five blocks away the said Santa Fé train, but saw no train coming from the south.

A general demurrer to plaintiffs' petition, urged by the Gulf, Colorado & Santa Fé Railway Company, was sustained by the court, and that defendant was dismissed from the suit, to all of which plaintiffs excepted. The case then proceeded to trial before a jury as between the plaintiffs and the defendant, St. Louis, Brownsville & Mexico Railway Company, and when the introduction of testimony had been concluded the court peremptorily instructed the jury to return a verdict for the defendant, which was done, and thereon a judgment was rendered for defendant, from which the plaintiffs have appealed.

Appellants by their first and second assignments of error complain of the action of the court in peremptorily instructing the jury to return a verdict in favor of the defendant. Both the Gulf, Colorado & Santa Fé Railway Company and the St. Louis, Brownsville & Mexico Railway Company have lines of railway in the city of Bay City and are connecting carriers, and jointly own a transfer track upon which shipments of freight, brought into Bay City by one carrier and destined for points on the line of the other, are delivered. On April 6, 1914, the St. Louis, Brownsville & Mexico Railway Company brought into Bay City several carloads of freight destined for points on the line of the Gulf, Colorado & Santa Fé Railway Company, which, as was its duty to do, it delivered to said last-named railway company. In making the delivery the delivering carrier, by means of a locomotive, pushed the cars containing the freight over the transfer track and upon the track of the receiving carrier, and thence along the track of the latter upon Avenue J in said city, a public street and thoroughfare upon which the track was laid, until it reached a point on said avenue where there were several side or switch tracks, and had reached a point between Seventh and Eighth streets, which crossed Avenue J at right angles, when the cars of freight so pushed came in contact with two or more freight cars standing there. A short time before the cars came in contact, Ira Broughton, a boy 13 years of age, on his way home, entered upon Avenue J from Seventh street, and proceeding north-

wardly on Avenue J walked upon or near the railway track until he reached a point south of and near the two or more freight cars standing on the side track, when he changed his course, and passing to the eastward of and alongside the cars, stepped on or upon the edge of the track just north of the cars, and was standing there when the cars being delivered, coming from the south, came in contact with said standing cars, causing them to be thrown against young Broughton, thereby inflicting the injuries for which he seeks recovery.

[1, 2] Upon the issue of negligence of the defendant, the delivering carrier, as the proximate cause of the plaintiff's injuries, testimony was introduced tending to prove that the tracks, and spaces between, of the Gulf, Colorado & Santa Fé Railway Company on Avenue J, and at the place where the boy was injured, were public thoroughfares, and used generally by the public as such, and to such an extent as to imply knowledge by and permission of the railway company to such use; that in pushing the cars to the place where the accident occurred the rate of speed at which they were moved was too rapid, considering the nature of the general use of the track as a public highway; that just before the moving cars came in contact with the standing cars the servant of the defendant who had theretofore been riding upon the front car, where the presence of persons upon or near the track could be observed by him, left the car; and that the cars proceeded without any one to keep a lookout until they came in contact with the standing car.

Upon the issue of the contributory negligence of Ira Broughton, the boy himself testified, in substance, that when he entered Avenue J, and before he proceeded northwardly on the track, he looked in both directions—north and south—to see if there were any cars approaching; that he did not see any approaching from the south, but did see a train of the Gulf, Colorado & Santa Fé Railway Company approaching from the north and on the track upon which he was walking; that he continued walking on the track, meeting the train, until it got near him, and that he then turned to his right, and left the track, and seeing that at the rate he was walking, and at the speed the train was approaching, both would reach the standing cars about the same time, he crossed the track on which the standing cars were, and proceeded on his way on the right hand or east side of the cars until he passed the northernmost, when he stopped on the edge of the track, his attention being attracted to the train which was then passing him, and shortly thereafter the cars were knocked forward, struck and knocked him down, and injured him. He further testified, in substance, that at the time he left the track upon which the train was ap-

proaching, and before he went upon the track upon which the two or more cars were standing, he did not again look to the south to see if cars were approaching. The inference from all the testimony is clear, we think, that the only time he looked for approaching cars from the south was when he first entered upon Avenue J. He says that he did not listen for the ringing of the engine bell or for the noise of running cars, but that if he had the noise of the train which he was approaching would have prevented his hearing them.

In view of the foregoing we do not think it can be said that the defendant, in running the cars at the rapid speed, as shown by the evidence, over the track of its connecting carrier at a place commonly used by the public as a thoroughfare, and without an employé stationed on the front of the car to give warning and keep a lookout, was not guilty of negligence as a matter of law; nor can we say that the plaintiff Ira Broughton, in entering and remaining upon the track where he was struck, was, in the circumstances detailed, guilty of contributory negligence as a matter of law. It follows, therefore, that it is our opinion that these issues should have been submitted to the jury, and that the giving of the peremptory instruction complained of was such an error as requires a reversal. Lee v. Railway, 89 Tex. 583, 36 S. W. 63; Choate v. Railway, 90 Tex. 88, 36 S. W. 247, 37 S. W. 319; Railway v. Key, 175 S. W. 492.

[3] The third assignment of error complains of the action of the court in sustaining the general demurrer of the defendant Gulf, Colorado & Santa Fé Railway Company to the plaintiffs' petition. So far as this appellee is concerned, the pleadings of the plaintiff alleged, in substance, nothing more than that the Brownsville train at Bay City, a junction point between the Brownsville road and the road of this appellee, having several loaded cars to deliver to this appellee, came with such cars over the interchange track between the two roads and onto the side track of this appellee for the purpose of delivering the cars; that while making such movement, through the negligence of the operatives of the train, the appellant Ira Broughton was injured. There is not an allegation in the petition of any overt act of negligence on the part of this appellee. There is not an allegation that in making the delivery of the cars to this appellant the Brownsville road either assumed or was granted by this appellee any greater privilege than was necessary to accomplish the purpose. The statute specifically commands railroad companies to interchange loaded cars with each other at junction points. As is well known, it is a physical impossibility for one railroad to deliver loaded cars to the other without a train or engine of one of them going upon the tracks of the other, and the statute commanding that these cars be transferred of necessity grants by implication the right to perform the acts necessary to accomplish this purpose.

The appellant predicates his case against this appellee upon that line of cases which holds that one railroad company, granting to another the use of its tracks without legislative authority, is liable for the negligent acts of the other company. We cannot see the application of this doctrine to the instant case. The very theory upon which these cases turn is the lack of legislative authority, and our conclusion is that in this case there was not only the legislative authority, but a legislative command. Articles 6687, 6688, Revised Statutes 1911; Jolly v. M., K. & T. Ry. Co., 38 Tex. Civ. App. 332, 85 S. W. 837; Railway v. Jolly, 31 Tex. Civ. App. 512, 72 S. W. 871. In the above cases substantially the same conclusion was reached as here determined; and in the case first cited a writ of error was denied by the Supreme Court. The assignment is overruled.

The judgment sustaining the general demurrer of the Gulf, Colorado & Santa Fé Railway Company is affirmed, and for the error indicated the judgment in favor of the St. Louis, Brownsville & Mexico Railway Company is reversed, and the cause remanded.

Affirmed in part. Reversed and remanded in part.