SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. JULIA A. KNICKERBOCKER AND E. E. KNICKERBOCKER, *Defendants in Error*.

Opinion filed August 19, 1922.

Petition for rehearing denied November 7, 1922.

1. Where a railroad company admits another railroad company to the joint common use of its tracks, the owning company is liable to third persons for the negligence of the other company while enjoying the right of such use.

2. The effect of Sections 4538 and 4540, Revised General Statutes of 1920, in this action against the Seaboard Air Line Railway Company for an injury caused by a train of the Gulf Coast Railway being operated on the track of the Seaboard Air Line Railway Company is to eliminate the element of agreement in the use of the defendant's track by the Gulf Coast Railway and to give to the latter company a right to use the tracks of the defendant for the purposes stated in the statutes without the defendant's consent, thereby in law relieving the defendant of liability for negligence of the Gulf Coast Railway in so using defendant's track not participated in by the defendant.

Writ of Error to the Circuit Court for Manatee County, O. K. Reaves, Judge.

Reversed.

*John B. Singeltary* and *Knight, Thompson & Turner*, for Plaintiff in Error;

*Hilton S. Hampton, W. B. Shelby Crichlow* and *Isaac Breeding, Jr.*, for Defendants in Error.

WHITFIELD, J.—Several counts of the declaration allege that the personal injuries herein complained of were caused by "a train of the Gulf Coast Railway, which the defendant then and there permitted to use its tracks," which train "was negligently and carelessly permitted, without warning, to suddenly and swiftly back across the said highway crossing, by means whereof the said train was then and there negligently permitted to run into and collide with the automobile in which the plaintiff, Julia A. Knickerbocker, was then and there an occupant, demolishing the same, and by reason of said collision, said plaintiff, Julia A. Knickerbocker," was injured as stated. On writ of error to a judgment for the plaintiffs in consolidated actions, it is argued that the defendant is not liable for the alleged negligence of the Gulf Coast Railway.

The action is not brought under the statute which provides that "a railroad company shall be liable for any damages done to persons  *  *  * by the running of the locomotives or cars  *  *  *  of such company;" but the action is predicated upon common law principles of liability.

Where a railroad company admits another railroad company to the joint common use of its tracks, the owning company is liable to third persons for the negligence of the other company while enjoying the right of such use. Northern Alabama Ry. Co. v. Guttery, 189 Ala. 604, 66 South. Rep. 580; 22 R. C. L. p. 1096, Sec. 327; 1 Elliott on Railroads (3rd Ed.) Sec. 541; Quigley v. Toledo Railways & Light Co., 89 Ohio St. 68, 105 N. E. Rep. 185, L. R. A. 1918E, 249, 260.

The reason of the rule is that the company owning the railroad track having permitted the use of its track by another company for the operation of its trains thereon,

the owning company is responsible for the proper use of its track and cannot escape liability to third persons for injuries at crossings caused by the negligence of the company whose trains are by permission of the owner company operated on the latter's track, the owner company not having pursuant to law relinquished the possession and control of its track to the other company by virtue of a lease or otherwise.

Sections 4538 and 4540 Revised General Statutes of 1920, provide as follows:

"4538. It shall be the duty of all railroad companies in this State crossing or meeting each other at any point to construct such switches, side-tracks and connections as will enable them to transport cars to and from each other's lines; and the expense of such construction shall be borne equally by such connecting lines of railroad; Provided, That the guage of such connecting lines is the same."

"4540. It shall be the duty of all railroad companies or other common carriers to receive from connecting lines cars loaded with freight, or empty cars, and transport the same to their destination, or to such other connecting line as they may be consigned to, and return such cars to the connecting line from which they are received, and to deliver to connecting lines cars loaded with freight, or empty cars, as they may be consigned; and no railroad company in this state shall charge or collect any higher rate of freight or wheelage than would be charged for transporting and delivering freights to individuals between the point of receipt and the point of delivery."

The members of the court except the writer are of the opinion that the effect of the quoted statutes is to eliminate the element of agreement in the use of the defendant's track by the Gulf Coast Railway and to give to the

latter company a right to use the tracks of the defendant for the purposes stated in the statutes without the defendant's consent, thereby in law relieving the defendant of liability for negligence of the Gulf Coast Railway in so using defendant's track not participated in by the defendant. See Missouri, K. & T. Ry. Co. of Texas v. Jolley, 31 Tex. Civ. App. 512, 72 S. W. Rep. 871.

Reversed.

BROWNE, C .J., AND TAYLOR, ELLIS AND WEST, J. J., concur.