JULIA KNICKERBOCKER AND HER HUSBAND, E. E. KNICKERBOCKER, *Plaintiffs in Error*, v. SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed January 12, 1926.

Petition for Rehearing denied February 22, 1926.

*Hilton S. Hampton, Wm. L. Pencke* and *W. B. Shelby Crichlow,* for Plaintiffs in Error;

*John B. Singletary,* for Defendant in Error.

BUFORD, J.—The writ of error in this case was taken to a final judgment of the Circuit Court of Manatee County for the defendant, rendered upon the court sustaining a demurrer to all counts of the declarations in two cases consolidated in that court, the declaration in each case being presented as amended in six counts.

The case was before this court upon writ of error in the June Term, 1922, and an opinion was filed August 10, 1922 (Seaboard Air Line Ry. Co. v. Knickerbocker, 84 Fla. 399, 94 South. Rep. 501), reversing the judgment of the lower

court upon the theory that under the allegations of the declarations as the same stood at that time the defendant in the court below could not be held liable for damages because Sections 4538 and 4540, Revised General Statutes of Florida, would have the effect of eliminating the element of the agreement in the use of the defendant's track by the Gulf Coast Railway Company and to give to the latter company a right to use the track of the defendant for the purpose stated in the statutes without the consent of the owning company, thereby in the law relieving the defendant of liability for negligence of the Gulf Coast Railway Company in so using the defendant's track not participated in by the defendant.

Sections 4538 and 4540, Revised General Statutes of 1920, provide as follows: "Section 4538. It shall be the duty of all railroad companies in the State crossing or meeting each other at any point to construct such switches, side-tracks and connections as will enable them to transport cars to and from each other's lines; and the expense of such construction shall be borne equally by such connecting lines of roadbed: Provided, that the gauge of such connecting lines is the same."

"Section 4540. It shall be the duty of all railroad companies or other common carriers to receive from connecting lines cars loaded with freight, or empty cars, and transport the same to their destination, or to such other connecting line as they may be consigned to, and return such cars to the connecting line from which they are received, and to deliver to connecting lines cars loaded with freight, or empty cars, as they may be .consigned; and no railroad company in this State shall charge or collect any higher rate of freight or wheelage than would be charged for transporting and delivering freights to individuals between the point of receipt and the point of delivery."

It will be observed that Section 4538 requires all railroad companies in this State crossing or meeting each other at any point to construct such switches, side-tracks and connections that will enable them to transport cars to and from other lines; and requires that the expense of such constructions shall be borne equally by the connecting lines. Section 4540 provides, that it shall be the duty of all railroad companies or other common carriers to receive from connecting lines cars loaded with freight or empty cars and to transport the same   *   *   *   and to deliver to connecting lines cars loaded with freight and empty cars as they may be consigned. But neither section imposes upon either railroad company the burden, duty or necessity of allowing any other railroad company or common carrier to use its main line or its regular operating tracks for any purposes; indeed it appears to have been the purpose of the Legislature to compel the intersecting railroads to make exclusive provision for the interchange of freight cars either loaded or empty, and there is no provision requiring facilities for the exchange of or requiring the exchange of any other class of cars.

It therefore follows that when any railroad or common carrier operates on the tracks of another railroad company for any purpose or to perform any service except that specifically set forth and named in the above quoted Section 4540, Revised General Statutes, it must do so either as a trespasser or under and by and with the consent or agreement of the owner of such railroad tracks.

As stated in the opinion of the Seaboard Air Line Railroad Company, a Corporation, v. Knickerbocker, *et ul.*, heretofore referred to, it is a well established principle of law that: "Where a railroad company admits another railroad company to the joint common use of its tracks, the owning company is liable to third persons for negligence of

the other company while enjoying the right of such use. Northern Alabama Ry. Co. v. Guttery, 189 Ala. 604, 66 South. Rep. 580; 22 R. C. L. p. 1096, Sec. 327; 1 Elliott on Railroad (3rd Ed.) Sec. 541; Quigley v. Toledo Railways & Light Co., 89 Ohio St. 68, 105 N. E. Rep. 185, L. R. A. 1918E, 249, 260.''

''The reason of the rule is that the company owning the railroad track having permitted the use of its track by another company for the operation of its trains thereon, the owning company is responsible for the proper use of its track and cannot escape liability to third persons for injuries at crossings caused by the negligence of the company whose trains by permission of the owner company are operated on the latter's track, the owner company not having pursuant to law relinquished the possession and control of its track to the other company by virtue of a lease or otherwise''

The plaintiffs in error amended each of the counts in each of the original declarations and in addition thereto added two other counts designated as count five and count six.

It may be conceded that each of counts two, three, four and five in each of the amended declarations presents a cause of action not materially different from that which was presented by the same counts in the original declaration, the allegations of which were before this court upon the former writ of error. The amendments to counts one and the addition of count six of each declaration, cause the same to present material allegations setting up a cause of action which was not before the court for an adjudication under the former writ of error; and by these amendments to the declarations the plaintiffs in error allege a state of facts which, if true, show that the injury, if any, was inflicted while the tracks of the defendant in error were being

used by another railroad company not in pursuance of the provisions of Section 4540, Revised General Statutes; and therefore the common law principles of liability as above quoted will apply.

Count one of the amended declaration in the suit filed by E. E. Knickerbocker is as follows: "E. E. Knickerbocker, by his undersigned attorney, sues Seaboard Air Line Railway Company, a corporation, for that whereas at the time of the grievance hereinafter mentioned the defendant was the owner of and operating a line of railroad as a common carrier by steam, through the County of Manatee, and operating among other lines, a line of railroad from the town of Manatee to the town of Venice, in said County and State; that on June 4, 1920, one Julia A. Knickerbocker, the wife of the plaintiff, was an occupant of an automobile operated and controlled by a third person proceeding from the town of Manatee to the town of Venice; that as said automobile operated upon the county highway approached and attempted to cross a crossing where said county highway intersects and crosses the main line of the defendant's roadway, at or near Venice, Florida, a train then standing upon the track of the defendant at said point (Amendment:—"Which said train was permitted to use the main line of the defendant then and there under a contract or agreement of the same") was then and there (Line 15) negligently and carelessly permitted to suddenly and swiftly back across said crossing of said highway, by means whereof the same was negligently and carelessly permitted to collide with and strike the automobile in which the plaintiff's said wife was then and there an occupant, by means whereof the said automobile was demolished, and the plaintiff's said wife suffered grievous injuries to her back, her right hip was dislocated, her right ankle was crushed, her right arm was broken in two places,

here eyes were injured, and she suffered divers and sundry contusions and wounds to her body, by means whereof she has since the date of said injury been continuously confined in the hospital and the plaintiff has been compelled to expend, in an effort to alleviate her suffering, and to effect a cure, the sum of not less than Fifteen Hundred ($1500.00) Dollars for nursing and medicine, and the sum of not less than One Thousand (.$1,000.00) Dollars for services of a physician to date, in an effort to rid his said wife of her said injuries, without avail.

"And in addition thereto plaintiff has suffered the loss of the comfort and society of his said wife; has been compelled to employ the services of a servant for their said family, to attend to the household duties usually performed by his said wife, and plaintiff alleges that he will be permanently deprived of the comfort and society of his said wife as such, as her injuries are permanent in their nature; that at the time of her injury his said wife was a strong, able-bodied woman, forty-two years of age, and plaintiff is a strong, able-bodied man of fifty-one years of age.

"WHEREFORE, plaintiff says he has been injured, and has sustained damages in the sum of Ten Thousand Dollars ($10,000.00) by means of the negligence of the defendant aforesaid, and therefore he brings suit."

Count One of the declaration in the suit filed by Julia A. Knickerbocker is as follows: Count One: Julia A. Knickerbocker, joined by her husband E. E. Knickerbocker, sues Seaboard Air Line Railway Company, a corporation, for that at the time of the grievances hereinafter mentioned, the defendant was the owner of and operating, among others, a line of steam railway along and upon divers track through the county of Manatee, in the State of Florida, its said line extending from the town of Manatee to the town of Venice in said county, and on the 4th day of

June, 1920, at or near a station on defendant's line of road known as Venice, Florida, the plaintiff, Julia A. Knickerbocker, was a passenger and occupant of a certain automobile driven and controlled by another; that said automobile was being propelled along the county highway in the direction of the station of Venice; that as said automobile, operated and propelled as aforesaid, attempted to cross the main line of the defendant at said station of Venice, Florida, at a point where the county highway intersects and crossed the defendant's said road, (line 17) a train then standing upon the defendant's main line of road (Amendment:—which said train was the train of another railroad then and there operated and propelled by virtue of an agreement made with the defendant by said railroad, was (Line 17) negligently and carelessly permitted to suddenly and swiftly back across the highway crossing, by means whereof the said train was then and there negligently permitted to run into and collide with the automobile in which the plaintiff, Julia A. Knickerbocker was then and there an occupant, demolishing the same, and by reason of said collision, said Julia A. Knickerbocker suffered painful and grievous injuries to her back, hip, right leg, right arm, and eyes, the force of said collision dislocating plaintiff's right hip, crushing her right ankle, breaking her right arm in two places, and in addition thereto suffered divers and sundry contusions and wounds to her body and face, and the injury to her back, ankle, hip and arm, the plaintiff is advised, is permanent in its nature. In addition thereto, plaintiff has been compelled ever since the date of said accident to remain in bed in a hospital, during which time she has suffered excruciating pain, still suffers pain, and is unable to pursue her avocation, or to enjoy the comfort and society of her husband, or the society of her friends, or to attend to her household duties; that at

the time of the injury plaintiff was a strong, able-bodied woman, forty-two years of age, and was able to attend to her household duties, but by reason of negligence of the defendant aforesaid, plaintiff avers that she will continue to suffer pain for the remainder of her life, and will be permanently incapacitated from performing her duties aforesaid or enjoying the society and comfort of her husband and friends.

"WHEREFORE, plaintiff says she has been injured, and has sustained damages in the sum of Twenty-five Thousand ($25,000.00) Dollars, and therefore she brings suit."

Count six of the amended declaration in the suit filed by E. E. Knickerbocker is as follows: "And for that at the time of the grievances hereinafter mentioned the defendant was the owner of and operating among other lines a line of steam railway along and upon divers tracks through the County of Manatee, in the State of Florida, its said line extending from the town of Manatee in said State to the town of Venice; and on the 4th day of June, 1920, at or near a station of the defendant's line known as Venice, Florida, the plaintiff's wife, Julia A. Knickerbocker, was a passenger and occupant of a certain automobile, driven and controlled by another; that said automobile was being propelled along the county highway in the direction of the said station of Venice; that as said automobile, operated and propelled as aforesaid, attempted to cross the main line of the defendant at said Venice, Florida, at a point where the county highway intersects and crosses defendant's said road, a train of Gulf Coast Railway, which the defendant then and there permitted to use its main line track for the purpose of taking on and discharging passengers and mail destined along the line of said Gulf Coast Railway, was negligently and carelessly permitted, without warning, while approaching the depot

of the defendant for the purpose of taking on of passengers and mail, to suddenly and swiftly back across the said highway crossing, by means whereof the said train was then and there negligently permitted to run into and collide with the automobile in which the said Julia A. Knickerbocker was then and there an occupant, demolishing the same and by reason of said collision said Julia A. Knickerbocker suffered painful and grievous injuries to her back, hip, right leg, right arm and eyes, the force of said collision dislocating plaintiff's right hip, crushing her right ankle, and breaking her right arm in two places; that in addition thereto plaintiff suffered divers and sundry contusions and wounds to her body and face, the injury to her back, ankle, hip and arm, the plaintiff is advised, being permanent in its nature.

"And the plaintiff avers that he has been compelled to expend in an effort to alleviate the suffering and to effect a cure, the sum of not less than Fifteen Hundred ($1500.00) Dollars, for nursing and medicine and the sum of not less than One Thousand ($1,000.00) Dollars for physician's services to date, in an effort to rid his said wife of her said injuries, without avail.

"And in addition thereto plaintiff has suffered the loss of the comfort and society of his said wife, has been compelled to employ the services of a servant for their said family, to attend to the household duties usually performed by his said wife, and plaintiff alleges that he will be permanently deprived of the comfort and society of his said wife, as such, as her injuries are permanent in their nature; that at the time of her injury his said wife was a strong and able-bodied woman, forty-two years of age, and plaintiff is a strong, able-bodied man, fifty-one years of age.

"WHEREFORE, plaintiff says he has been injured, and has sustained damages in the sum of Ten Thousand

($10,000.00) Dollars, by means of the negligence of the defendant aforesaid, and therefore brings suit.''

Count Six of the amended declaration in the suit filed by Julia A. Knickerbocker was as follows: Count Six: ''And for that at the time of the grievances hereinafter mentioned the defendant was the owner of and operating among other lines a line of steam railway along and upon divers tracks through the County of Manatee in the State of Florida, its said line extending from the town of Manatee to the town of Venice in said County; and on the 4th day of June, 1920, at or near a station of the defendant's line of road known as Venice, Florida, the plaintiff, Julia A. Knickerbocker, was a passenger and occupant of a certain automobile, driven and controlled by another; that said automobile was being propelled along the county highway in the direction of the station of Venice; that as said automobile, operated and propelled as aforesaid, attempted to cross the main line of the defendant at said Venice, Florida, at a point where the county highway intersects and crosses defendant's said road, a train of the Gulf Coast Railway, which the defendant then and there permitted to use its main line track for the purpose of taking on and discharging passengers and mail destined along the line of the said Gulf Coast Railway, was negligently and carelessly permitted, without warning while approaching the depot of the defendant for the purpose of taking on passengers and mail, to suddenly and swiftly back across the said highway crossing, by means whereof the said train was then and there negligently permitted to run into and collide with the automobile in which the plaintiff Julia A. Knickerbocker was then and there an occupant, demolishing the same, and by reason of said collision, said plaintiff, Julia A. Knickerbocker, suffered painful and grievous injuries to her back, hip, right leg, right arm, and eyes, the

force of said collision dislocating plaintiff's right hip, crushing her right ankle, and breaking her right arm in two places; that in addition thereto plaintiff suffered divers and sundry contusions and wounds to her body and face, the injury to her back, ankle, hip and arm, the plaintiff is advised being permanent in its nature; that in addition plaintiff has been compelled ever since the date of said accident, to remain in bed, in a hospital, during which time she has suffered excruciating pain, still suffers pain, and is unable to pursue her vocation, to enjoy the comforts and society of her husband, the society of her friends, or to attend to her household duties; that at the time of her injury the plaintiff was a strong, able-bodied woman, forty-two years of age, and was able to attend to her household duties, but by reason of the negligence of the defendant aforesaid, plaintiff avers that she will continue to suffer pain for the remainder of her life and will be permanently incapacitated from performing her duties aforesaid, or enjoying the society and comfort of her husband and friends.

"WHEREFORE, plaintiff says she has been injured, and has sustained damages in the sum of Twenty-five Thousand Dollars, and therefore she brings suit."

The demurrers interposed by the defendant in the court below should have been overruled in so far as the same applied to count "One," and to count "Six" of each declaration.

It is ordered that the order of the court below be reversed and this cause be remanded.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur.