Texas & Pacific Railway Company et al. v. W. H. Tucker, Guardian.

Decided December 7, 1907.

**1.—Discovered Peril—Insufficient Evidence.**

In a suit by minor children for the death of·their father who was run over and killed by a railway train at a crossing, evidence considered, and held insufficient to authorize the submission to the jury of the issue of discovered peril.

ON REHEARING.

**2.—Same.**

In a suit by minor children for the death of their father who was run over and killed at a railway crossing, evidence reconsidered, and held sufficient to justify the trial court in submitting to the jury the issue whether or not defendant's engineer was guilty of negligence in failing to blow the whistle after discovering the peril of the deceased.

**3.—Removal of Cause—Case Distinguished.**

When a railroad company, incorporated under the laws of the United States, is jointly sued with its locomotive engineer, who is a resident of this State, and who is properly joined in the action, for personal injuries resulting in death, the company can not remove the case to the Federal Court; and this, though the engineer joins in the application for removal. The case of Eastin & Knox v. Texas & P. Ry. Co., 92 S. W. Rep., 838, and 102 S. W. Rep., 105, distinguished.

**4.—Railroad Crossing—Sign Board—Negligence.**

In a suit for personal injuries at a railroad crossing, evidence considered, and held to raise a question of fact for the jury whether or not the failure of the railroad company to have a signboard at the crossing was negligence, even though the collision occurred at night.

**5.—Same—Rate of Speed.**

While ordinarily ˉthe operatives of a railway train are not required to slacken the speed of the train in approaching public crossings, yet the circumstances may be such as to require them to do so. Evidence considered, and held that the issue of negligence in this respect was properly submitted to the jury.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*Wagstaff & Davidson* and *W. L. Hall,* for appellants.—The court erred in refusing to remove this cause to the Circuit Court of the United States for the Northern District of Texas, the defendants having filed petitions in due form for the removal of said cause, and all defendants having joined in said petitions. Miller v. Le Mars Natl. Bank, 116 Fed. Rep., 551; Eastin & Knox v. Texas & Pac. Ry., 99 Texas, 654; Chicago, R. I. & P. Ry. v. Martin, 44 U. S., Lawyers' Edition, 1055; Alabama G. S. Ry. v. Thompson, 50 U. S., Lawyers' Edition, 445; Cincinnati, N. O. & T. P. Ry. v. Bohon, 50 U. S., Lawyers' Edition, 449; Texarkana Telephone Co. v. Bridges, 86 S. W. Rep., 841; Slaughter v. Nashville, C. & St. L. Ry., 91 S. W. Rep., 744; Texas & N. O. Ry. v. Langhan, 95 S. W. Rep., 687; Cincinnati, N. O. & T. P. Ry. v. Robertson, 74 S. W. Rep., 1061; Dudly v. Illinois Cent. Ry., 96 S. W. Rep., 835.

The evidence having disclosed that the defendants are not guilty of any acts of negligence causing or contributing to the death of J. E. Tucker, and that the said J. E. Tucker was guilty of negligence in going on the track in front of a moving train which caused his death, the judgment should have been for the defendants, and is unsupported by the evidence.

The evidence being uncontradicted that the train whistled for the crossing for Elmdale station, within hearing distance of the crossing, it was error for the court to submit this issue to the jury.

The charge was error in that it required the defendant railroad company to have its engines equipped with a "sufficient" headlight, and not such a headlight as was generally and commonly used by railroad companies.

The charge of the court is error in that negligence will not be inferred by reason of the fact that the train was running at a rapid rate of speed over a crossing wholly unobstructed and a place not crowded with travelers or pedestrians. Texas & N. O. Ry. v. Langhan, 95 S. W. Rep., 687; International & G. N. Ry. v. Wear, 77 S. W. Rep., 272; Missouri, K. & T. Ry. v. Parker, 46 S. W. Rep., 280; International & G. N. Ry. v. Arias, 10 Texas Civ. App., 194; McDonald v. International & G. N. Ry., 86 Texas, 1.

The court erred in instructing the jury that if the defendant, Jim Ellis, discovered the peril of J. E. Tucker in time to have avoided killing said J. E. Tucker, that they would find for the plaintiff. The evidence is insufficient to justify this charge, and there is no evidence on which to base an instruction of this character. Illinois Cent. Ry. v. Willis, 97 S. W. Rep., 23; Texas & N. O. Ry. v. Langhan, 95 S. W. Rep., 687; Johnson v. Louisville & N. Ry., 25 S. W. Rep., 754.

*Hardwicke & Hardwicke, A. S. Hawkins* and *Theodore Mack,* for appellee.—The petition for removal was rightfully refused because plaintiff pleaded a joint and inseparable cause of action against the defendant railway company, a federal corporation, and its codefendant, a resident and citizen of the same State that plaintiff resided and had his citizenship in; the suit being for a tort charged to have been jointly committed by defendants and the negligence of the engineer codefendant, amounting to acts of positive negligence, acts of commis-

sion, misfeasance, rather than acts of omission or nonfeasance. Rev. Stats., art. 3017, giving right of action for injuries resulting in death caused by negligence or carelessness of proprietor of railroad, or by unfitness, negligence or carelessness of servant or agent of such proprietor; Rev. Stats., art. 4507, as to bell and whistle signals, and making it a misdemeanor for engineer to fail to comply with provisions of the statute, etc.; Rev. Stats., art. 4506, requiring signs to be erected; Texas & P. Ry. Co. v. Huber, 100 Texas, 1; Eastin & Knox v. Texas & P. Ry. Co., 99 Texas, 654; same case on subsequent appeal, 100 Texas, 556; Alabama Gt. So. Ry. Co. v. Thompson, 200 U. S., 206; 50 L. Ed., 441; Cincinnati, N. O. & T. P. Ry. Co. v. Bohon, 200 U. S., 221; 50 L. Ed., 448; Wecker v. National Enameling Co., 204 U. S., 176; 51 L. Ed.

The evidence did not show that the train approached the crossing where Tucker was killed after having whistled and rung its bell at the proper distance, and the evidence did not show that the headlight was burning brightly and train was running at a reasonable rate of speed. Nor did the evidence show that the failure to erect the sign at the crossing did not contribute to the death of Tucker. On the contrary, the evidence tended to show negligence of defendants in each particular mentioned. Texas & P. Ry. Co. v. Gentry, 163 U. S., 353; 41 L. Ed., 186; Moore v. Northern Texas Trac. Co., 41 Texas Civ. App., 583.

SPEER, Associate Justice.—J. E. Tucker, father of the minors Roxie Annie Tucker and Fred Dickson Tucker, was run over and killed by a passenger train of the Texas & Pacific Railway Company, at Elmdale crossing, in Taylor County, and W. H. Tucker as guardian of such minor children, instituted this suit against the railway company and Jim Ellis, the engineer operating the train which killed deceased, and recovered damages for his wards in the sum of ten thousand, one hundred and fifty dollars against both defendants, from which they have appealed.

We rule against appellants on all their assignments save the thirteenth, which is to the effect that the court erred in submitting to the jury the issue of discovered peril, in that there was no evidence on which to base such an instruction, and this we sustain. J. E. Tucker, together with a son eleven years of age, was driving in a wagon along the public highway from Baird to Abilene, and both were killed while crossing appellant Texas & Pacific Railway Company's track at the public crossing at a little station known as Elmdale. The wagon in which the deceased was driving was drawn by two horses, on either side of which he was leading another horse, and trailing a buggy behind the wagon. The accident occurred at 6:40 p. m. on a cold January evening, when the wind was blowing from the north, and the direction traveled by deceased across appellant's railroad was from the north to the south. The train was running at least twenty-five or thirty miles an hour, and perhaps faster, going down grade, and no one witnessed the accident save the engineer, the appellant Jim Ellis, upon whose testimony alone the issue of discovered peril was submitted to the jury. The substance of Ellis' testimony is that, as his train ap-

proached the Elmdale crossing at about the speed mentioned, he was occupied on the south side of the cab looking out for persons who might be on that side to flag the train, the station being a flag station only, until, as he says, he "straightened up" and looked ahead on the north side, when he discovered the wagon of deceased just coming on to the crossing only one hundred and thirty feet ahead of the engine. The deceased appeared to be sitting in the front of the wagon, wholly unconscious of the approaching train, while the little boy appeared to be trying to extricate himself from some bed clothing which he had about him. The deceased also had his head covered up with a blanket or other covering of some kind, and made no effort to stop or hasten his team, indicating that he never discovered the approach of the train. Upon discovering the wagon so near upon the crossing, the engineer immediately seized the sand lever and applied the emergency brakes, stopping the train as quickly as it could be done, which proved to be some eight hundred or nine hundred feet. He testified that there was nothing he could have done towards stopping the train, after discovering deceased, that he did not do. On looking up the second time, after applying the emergency brakes, deceased had already passed beyond his line of vision on to the track ahead of the train, and was almost instantly killed. Witness did not blow the whistle after he discovered deceased approaching the crossing, and his failure in this respect is made the predicate for appellee's insistence that the issue of discovered peril was properly raised by the evidence, but we have concluded otherwise. A simple calculation will show that if appellant Ellis' testimony is correct—and it is upon this appellee relies—it was only about three seconds, perhaps less, after he discovered deceased's peril, until the collision resulting in his death. In the very nature of things, the engineer could not, under such circumstances, in so short a time, experiment as to the best means to adopt to avert an accident, and we think it would be an unreasonable and an unwarranted conclusion to say that he ought to have done more than he did do—that is, employ all the means at his hand to stop his train or slacken its speed. His first duty was to his passengers, and if his judgment was that their safety lay in checking his train, as he testified, it was his duty to do this, and the evidence indicates that to do this would occupy, and did occupy, all of the time intervening between the discovery of deceased and the fatal accident. We think, from the evidence, no other reasonable conclusion could be drawn than that everything was done that could be done to avoid killing deceased after discovering his perilous position, and that the court erred in submitting the issue of discovered peril as a ground of liability against appellants.

While under the evidence there was no error in placing the burden of proof upon appellants to establish their plea of contributory negligence, yet the language, "and unless they have shown, by a preponderance of the testimony, that J. E. Tucker was guilty of contributory negligence," to find for plaintiff upon that issue, might possibly tend to mislead the jury into looking alone to the evidence adduced by the defendants in determining such issue, and the same should be reworded or entirely eliminated on another trial.

## ON REHEARING.

A reconsideration of the case convinces us that we were in error in holding, as we originally did, that the evidence did not justify the submission to the jury of the issue of discovered peril. We are now of opinion that it was for the jury to say whether or not the failure of appellant Ellis to blow the whistle, and thus warn the deceased of the impending peril, was not such act of negligence as would authorize a recovery upon this issue. Sanches v. San Antonio & A. P. Ry., 88 Texas, 117.

Having concluded to affirm the judgment, it is, perhaps, proper for us to express more fully our conclusions on appellants' various assignments of error. The first assignment complains that the trial court erred in not sustaining appellants' petition for removal of the cause to the Circuit Court of the United States for the Northern District of Texas. The insistence is that, since the cause of action is inseparable, and since the appellant The Texas & Pacific Railway Company, on account of being incorporated under the laws of the United States, has a right to the removal, and since appellant Ellis joined in the application for removal, the court should have granted such application. It is also insisted that appellee's petition shows no cause of action against appellant Ellis under the holding of our Supreme Court in Eastin & Knox v. Texas & Pac. Ry. Co., 99 Texas, 654, 100 Texas, 556, in that the acts for which he is sought to be held are those of omission merely, and not affirmative or overt acts. We are of opinion, however, that the authority cited has no application to the present case, since the action against appellant Ellis may be properly maintained under article 3017, Sayles' Texas Civil Statutes, giving a right of action for injuries resulting in death. This being true, and appellant Ellis not being entitled himself to remove the cause, the fact that he joined in appellant Texas & Pacific Railway Company's application would not require the court to make such an order. Texas & P. Ry. Co. v. Huber, 100 Texas, 1.

That portion of the general charge which submitted the issue of negligence of appellant Texas & Pacific Railway Company, in failing to erect a sign at the crossing where deceased was killed, was authorized under the facts, since it can not be said that the absence of such sign board did not cause the accident. While the evidence tended to show that the night was dark, and would have authorized a finding that deceased could not have seen the sign board if there had been one, yet the evidence in this respect is not conclusive, and it was a question for the jury to determine whether or not the failure to erect a sign board under all the circumstances caused the deplorable accident.

Appellants can not complain that the court submitted to the jury to find whether or not the whistle was blown at least eighty rods from the crossing, since they requested the submission of such issue in a special charge, which was given.

The tenth assignment is overruled because the charge therein complained of does not make the failure to have a "sufficient headlight," as appellant's train approached the crossing, negligence *per se,* but spe-

cifically submits to the jury the question of whether or not such failure would be negligence.

Neither was there error in authorizing a finding for appellee if the train approached the crossing at a negligent rate of speed. While ordinarily the operatives of a railway train are not required to slacken its speed in approaching public crossings, yet the circumstances may be such as that they ought to do so. In the present case, considering the allegations and proof tending to support them—that no bell was being rung, no sign board was erected, and the engine equipped with an insufficient headlight—the jury might properly have concluded that the train was being operated at a dangerous and negligent rate of speed.

We find as a fact that the evidence authorized all the charges given, that the defense of contributory negligence was properly submitted, and that the verdict finds support in the testimony.

What we have said disposes of all assignments of error. The rehearing is therefore granted and the judgment affirmed.

*Affirmed.*

Writ of error refused.