## SCHAFF v. YOUNG. (No. 2926.)

(Court of Civil Appeals of Texas. Texarkana. July 3, 1924. Rehearing Denied July 5, 1924.)

**1. Railroads ☞316(2) — Speed over country road crossing held not negligence as matter of law.**

As speed of trains over country road crossings is not restricted by statute, it is not negligence as a matter of law to run a train over such crossing at rate of 50 to 65 miles an hour.

**2. Railroads ☞348(5) — Finding of negligent speed sustained.**

Evidence *held* sufficient to support finding of negligence as a matter of fact upon speed of train running from 50 to 65 miles per hour over country road crossing where view was obstructed and no signals were given.

**3. Trial ☞194(17) — Charge not explaining what circumstances and conditions would warrant finding of negligent speed of train held proper.**

A charge submitting question of railroad's negligence was not erroneous in failing to explain all circumstances and conditions which would warrant a finding of negligence in running train over country road crossing at 50 to 65 miles an hour, but to .have done so would have been erroneous as on weight of testimony.

**4. Railroads ☞338—Injury avoidable notwithstanding contributory negligence actionable.**

If trainmen discover peril of persons approaching crossing in time to avoid collision and fail to use every means within their power consistent with safety of train to avoid collision, they are guilty of negligence for which railroad company is liable notwithstanding contributory negligence.

**5. Railroads ☞348(6)—Evidence held to warrant finding trainmen discovered peril of travelers in time to avoid collision.**

Evidence *held* sufficient to warrant finding that trainmen discovered peril of occupants in automobile in time to have avoided collision.

**6. Railroads ☞350(16)—Failure of, traveler to look and listen not negligence as matter of law.**

Failure of one about to go on a public crossing to look and listen does not of itself constitute negligence as a matter of law.

**7. Railroads ☞350(16) — Going on crossing without stopping, looking, and listening held not negligence as matter of law.**

Where traveler's view of train was obstructed and trainmen failed to give warning with bell and whistle as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6564, *held*, that failure to stop and look and listen for train before going upon crossing was not negligence as a matter of law.

**8. Railroads ☞348(8)—Evidence held insufficient to establish automobile approached crossing at excessive speed.**

Evidence *held* insufficient to establish that deceased driving an automobile approached crossing at a speed exceeding six miles an hour, contrary to Vernon's Ann. Pen. Code Supp. 1918, art. 820*l*, so as to amount to contributory negligence as a matter of law.

**9. Appeal and error ☞1068(5) — Refusal of special charges as to failure to look and listen for train not error in view of findings.**

Refusal of special charges requested by defendant railroad receiver to find for defendant if deceased, plaintiff's wife, negligently failed

to look and listen for train, was not error, where jury should have found for plaintiff as they did notwithstanding they believed his wife failed to look or failed to listen, if they also believed that trainmen discovered her peril in time to have avoided collision.

**10. Death ⟜99(3) — Damages for death of children held proper.**

A verdict allowing $8,000 for the death of children, one about two years old, the other about 7 months old, *held* proper.

**11. Death ⟜99(4)—$20,000 for death of wife not excessive.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4704, a verdict of $20,000 in favor of a 24 year old husband for death of wife aged 21 years, who was an industrious, healthy woman, *held* not excessive.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by L. H. Young against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. From judgment for plaintiff, defendant appeals. Affirmed.

About 2 o'clock of the afternoon of September 5, 1921, appellee's wife, 21 years of age and their two children, both boys, one about two years and the other about seven months old, were instantly killed at a point where the Greenville-Merit public road (running east and west) crosses the Missouri, Kansas & Texas Railway Company's line of railway (running north and south) in Hunt county, as the result of a collision between an automobile they were riding in and one of appellant's passenger trains.

Appellee and his wife, with their two children, resided at a point on said public road about 250 yards west of the crossing, and his wife and the children were traveling from their home east over the crossing, and the train was moving north thereover, at the time the collision occurred.

This suit for damages was commenced and prosecuted by appellee on the theory that the train operatives were guilty of negligence which was a proximate cause of the collision, in that they (1) failed to ring the bell and sound the whistle of the locomotive as the train approached the crossing, as was required of them by article 6564, Vernon's Sayles' Ann. Civ. St. 1914; (2) negligently operated the train at an excessive and unusual rate of speed; and (3) discovered appellee's wife and children to be in a perilous position from the train, and negligently failed to so control and operate same as to avoid the collision.

Appellant denied that the train operatives were guilty of negligence in any of the respects charged against them, and insisted, if they were, that appellee was nevertheless not entitled to recover anything of him because it conclusively appeared, he asserted, that both appellee and his wife were guilty of contributory negligence which was a proximate cause of the accident.

The court in a general charge submitted to the jury issues as to negligence on the part of the train operatives in each of the respects mentioned above as charged against them, and issues as to contributory negligence in ways specified on the part of appellee and his wife. The verdict of the jury was a general one. It was in appellee's favor, and his damages wer assessed at $20,-000 for the death of his wife and $8,000 for the death of the children.

Chas. C. Huff, of Dallas, and McMahon & Dohoney, of Greenville, for appellant.

M. P. McCoy, B. Q. Evans, and Evans & Evans, all of Greenville, B. F. Looney, of Dallas, and C. L. Black, of Austin, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists it appeared from a preponderance of the testimony that the train operatives did ring the bell and blow the whistle of the locomotive as the train approached the crossing. He further insists that a finding that said operatives were guilty of negligence in running the train at the speed they did was not authorized by either appellee's pleading or the testimony. He further insists that the testimony did not warrant a finding that said operatives discovered the peril of appellee's wife and children from the train in time to have avoided the accident resulting in their death. And he further insists that it appeared from both appellee's pleadings and the testimony that he and his wife were guilty of contributory negligence which was a proximate cause of the collision. The contentions, and others germane thereto, will be disposed of in the order they have been stated.

1. The testimony on the issue as to whether the train operatives sounded the whistle and rang the bell of the locomotive as required by the statute (article 6564, Vernon's Sayles' Ann. Civ. St. 1914) was conflicting. The finding of the jury in the negative, involved in their verdict, had ample support in testimony they had a right to believe.

[1, 2] 2. The rate of speed at which a railroad company may lawfully operate its trains over country public road crossings in this state is not restricted by any statute. Hence it was not negligence as a matter of law, and the court did not tell the jury it was, to operate the train in question over the crossing at the rate of from 50 to 65 miles an hour, the speed at which the testimony indicated it was operated. McDonald v. Railway Co., 86 Tex. 1, 22 S. W. 939, 40

Am. St. Rep. 803; 3 Elliott on Railroads, § 1160; 22 R. C. L. 1011; 33 Cyc. 971. Whether the jury had a right to predicate a finding of negligence as a matter of fact upon the speed of the train depended, and the court told the jury it did, upon the circumstances of the case. Appellee alleged and there was testimony showing, or tending to show, those circumstances to have been as follows:

The road appellee's wife and children were traveling was "a frequently traveled" one. It was downgrade to the crossing from a point several hundred feet west thereof, and it curved sharply to the south, running parallel with the railroad track, just after it crossed same. The railroad track was down grade to the crossing from a point about 1,300 feet south thereof, and the track turned slightly to the northwest immediately after it crossed the dirt road. The view of operatives of a train approaching the crossing from the south of persons traveling from the west to the crossing over the public road was obstructed by trees, bushes, and weeds on the south side of said public road and the west side of the railway company's right of way from the crossing south about 1,300 feet. A person traveling in an automobile and approaching the crossing from the west could not see a train approaching from the south until his automobile got upon the railway company's right of way. The train in question was running several hours behind its schedule time, and no train was then due at the crossing. The train operatives did not ring the bell nor sound the whistle of the locomotive as it approached the crossing.

It is clear, we think, that the jury had a right to conclude that an ordinarily prudent person under the circumstances stated would not have operated the train over the crossing at the speed indicated by the testimony. Railway Co. v. Tucker, 48 Tex. Civ. App. 115, 106 S. W. 764; Railway Co. v. Luten (Tex. Civ. App.) 203 S. W. 909; 33 Cyc. 971; 22 R. C. L. 1012; 3 Elliott on Railroads, §§ 1160, 1161. In the Tucker Case the train approached the crossing at a speed of 25 or 30 miles an hour. The court said:

"Neither was there error in authorizing a finding for appellee if the train approached the crossing at a negligent rate of speed. While ordinarily the operatives of a railway train are not required to slacken its speed in approaching public crossings, yet the circumstances may be such as that they ought to do so. In the present case, considering the allegations and proof tending to support them—that no bell was being rung, no sign-board was erected, and the engine equipped with an insufficient headlight—the jury might properly have concluded that the train was being operated at a dangerous and negligent rate of speed."

[3] Appellant insists, further, that if the testimony authorized the submission of such an issue, the charge of the court submitting it was erroneous, in that it did not explain to the jury "what circumstances and conditions" would warrant a finding that the train operatives were negligent in operating the train at the speed they did operate it. We think it not only was not error to not specify the circumstances more definitely than the court did, but that it would have been on the weight of the testimony, and therefore error, to have done so.

[4, 5] 3. If the train operatives discovered the peril of appellee's wife and children from the train in time to have avoided the collision, and failed to use "every means then within their power, consistent with the safety of the train," to avoid the collision, they were guilty of negligence for which appellant was liable, notwithstanding appellee or his wife may have been guilty of negligence which was a contributing cause of the accident. Railway Co. v. Breadow, 90 Tex. 26, 36 S. W. 410. Appellant's contention that the testimony did not warrant a finding that the train operatives discovered the peril of appellee's wife and children in time to have avoided the collision is not tenable, we think. The engineer testified that he did not see the automobile or know it was on or approaching the crossing until after the collision occurred. The fireman testified that he saw the car approaching the crossing when the train was 220 yards from it, and hallooed to the engineer, "Here comes a car." The fireman testified further that at the time he hallooed to the engineer the latter was blowing the whistle for the crossing and did not hear him. There was testimony indicating that the engineer could and would have seen the automobile as soon as the fireman saw it had he been looking ahead, and he testified he was so looking; and there was testimony that the whistle of the locomotive was not sounded as the train approached the crossing. The jury were not bound to accept the testimony of the engineer that he did not see the car nor hear the fireman's warning as true, nor were they bound to accept as true the testimony of the fireman that the engineer was sounding the whistle of the engine at the time he hallooed to him. There was testimony indicating that the automobile had nearly cleared the crossing—the rear wheels thereof being on the east rail of the track when the train struck it. The jury had a right to conclude that if the train operatives did not discover the automobile in time to have stopped the train before it reached the crossing, they discovered it in time to have checked the speed thereof, and a right to conclude, further, that had they checked its speed the least bit the automobile would have passed safely over the crossing before the train reached it.

[6] 4. It did not appear from the allegations in appellee's pleadings, as we construe

them, that his wife was guilty of contributory negligence in attempting to go over the crossing as she did. Therefore, unless it appeared as a matter of law from the testimony that she was guilty of such negligence, it was not error to instruct the jury, as the court did, that the burden of proof to establish the affirmative of that issue was on appellant.

[7] The testimony of the fireman indicated that appellee's wife did not stop and listen for a train nor look for one before going upon the crossing. It is argued that this testimony overcame the presumption the law would indulge that she used ordinary care to ascertain if a train was approaching before going upon the crossing (Hovey v. Sanders [Tex. Civ. App.] 174 S. W. 1025), and showed that she was guilty of contributory negligence. But it is settled in this state:

"That the failure of one about to go over a public railroad crossing to look and listen for an approaching train does not, of itself, constitute negligence as a matter of law." Phillips, C. J., in Trochta v. Railway Co. (Tex. Com. App.) 218 S. W. 1038; Railway Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Railway Co. v. Browder (Tex. Com. App.) 256 S. W. 905.

And certainly such failure would not establish negligence as a matter of law where, as here, the jury might have said, the traveler's view of the approaching train was obstructed and the operatives of the train failed to discharge the duty the statute imposed upon them to warn her of its approach by ringing the bell and sounding the whistle of the locomotive. Railway Co. v. Shelton, 52 Tex. Civ. App. 437, 115 S. W. 877; Railway Co. v. Butts, 62 Tex. Civ. App. 539, 132 S. W. 88.

[8] Next, it is urged that it appeared that appellee's wife failed to reduce the speed of the automobile to not exceeding six miles an hour before it reached a "point not nearer than 30 feet of the * * * track," as provided in article 820l, Vernon's Ann. Pen. Code Supp. 1918, and hence that she was guilty of contributory negligence as a matter of law. The contention is based on the testimony of the fireman that "his best judgment" was that the automobile was "going between 8 and 12 miles an hour" as it approached the crossing, and the testimony of the witness McCoslin that it was "traveling something like 10 miles an hour." The fireman further testified: "I could not really say what rate of speed the car was going." And McCoslin further testified: "As to the rate of speed she (appellee's wife) was traveling, from where I was I could not tell how fast she was traveling." It is obvious, we think, that the testimony specified, and there was none other, did not conclusively establish that the automobile was moving at a speed of exceeding six miles an hour as it approached the crossing. But if we thought it did we would overrule appellant's contention, because the statute invoked applies only "where the view of the crossing is obscured, either wholly or partially," and there was no testimony showing the crossing in question to have been so obscured. Railway Co. v. Mallard, 262 S. W. 789, recently decided by this court and not yet [officially] reported.

[9] Among the instructions of the court to the jury, with reference to the issue of contributory negligence, was one which told them to find for appellant, other conditions concurring, if they believed a person of ordinary prudence "would have looked and listened (and that appellee's wife did not) for an approaching train before driving on the crossing." Appellant did not object to the instruction, but requested the court to give two special charges—one of which, had it been given, would have instructed the jury to find for appellant if they believed appellee's wife negligently failed to look for the train, and the other of which would have instructed them to find for appellant if they believed she negligently failed to listen for the train. The complaint here is predicated on the refusal of the court to give the requested special charges. Appellant insists that such refusal was error under the doctrine recognized in Railway Co. v. McGlamory, 89 Tex. Sup. 635, 35 S. W. 1058, and other cases. But the ruling of the court clearly was not error, because the jury should have found for appellee as they did notwithstanding they believed appellee's wife failed to look or failed to listen for the train, if they also believed that the train operatives discovered her perilous position in time to have avoided the collision.

[10, 11] Other contentions than those already mentioned are presented in appellant's brief. One of the number is that appellee was not entitled to recover anything on account of the death of his children, because, "in the very nature of things," it is asserted, one of them being less than two years and the other only seven months old, he suffered no pecuniary loss by their death. The contention is without merit. Railway Co. v. Cullen (Tex. Civ. App.) 29 S. W. 256; Realty Co. v. Mather (Tex. Civ. App.) 207 S. W. 121; Railway Co. v. Watkins (Tex. Civ. App.) 245 S. W. 794; Railway Co. v. Olds (Tex. Civ. App.) 112 S. W. 787. Another contention is that the verdict and judgment are for an excessive amount for the death of appellee's wife. The testimony was that appellee was 24 years of age and his wife 21, and that she was an industrious, healthy woman. The statute provides that the jury may, in cases like this, "give such damages as they may think proportioned to the injury resulting" from the death. Article 4704, Vernon's Sayles' Ann. Civ. St. 1914. There is nothing

in the record suggesting that the amount found by the jury may not have represented their honest judgment as to the injury resulting to appellee from the death of his wife and children, and their finding will not be disturbed. Hines v. Roan (Tex. Civ. App.) 230 S. W. 1070.

Contentions not disposed of by what has been said are believed to be without merit also, and are overruled.

The judgment is affirmed.