## FORT WORTH & R. G. RY. CO. v. ROSS et al.

### No. 1013.

Court of Civil Appeals of Texas. Eastland.

Nov. 4, 1932.

Rehearing Denied Dec. 2, 1932.

Chandler & Keith, of Stephenville, and Hiner & Pannill and Goree, Odell & Allen, all of Fort Worth, for appellant.

Oxford & Johnson, of Stephenville, for appellees.

LESLIE, J.

This is the third appeal of this case. The opinions on the former appeals will be found in (Civ. App.) 18 S.W.(2d) 246, and (Civ. App.) 37 S.W.(2d) 826. A full statement of the nature of the case may be found in those opinions. The parties will be referred to as in the trial court.

The trial below resulted in a judgment for the plaintiffs (the wife and minor child of deceased), on the ground that a $32\frac{5}{12}$ mile per hour rate of speed by the train at the time of its collision with the automobile of the deceased was negligence under the circumstances and surrounding conditions, proximately resulting in his death and consequent damages to plaintiffs.

The first point presented for reversal of the judgment is the refusal of the trial court to direct a verdict for the defendant. This the defendant claimed on the grounds, (1) because the testimony showed no negligence upon the part of the defendant; (2) if negligence be shown, same was not the proximate cause of the injuries; and (3) that in any event the deceased was guilty of contributory negligence.

After a careful consideration of the testimony, this court finds itself unable to sustain the defendant's point on either ground. Although a new witness testified on this trial, it is not believed that the testimony as a whole differentiates the instant case materially from what it was on the former trial. We cannot agree with the defendant's contention that the proof failed to establish any negligence on the part of defendant approximately causing the injury alleged. Unquestionably the testimony raised the issue as to the excessive rate of speed at which the train was running at the time of the collision. There was evidence pro and con on this issue, and it therefore became a question for the jury to determine whether or not, under all the circumstances existing at the time and place where the injury occurred, the rate of speed was negligent. Louisiana Ry. & Nav. Co. of Texas v. Loudermilk (Tex. Civ. App.) 12 S.W.(2d) 824; Louisiana Ry. & Nav. Co. of Texas v. Cotton (Tex. Civ. App.) 1 S.W.(2d) 393; St. Louis S. W. Ry. Co. of Texas v. Lewis (Tex. Civ. App.) 297 S. W. 896; Id. (Tex. Com. App.) 5 S.W. (2d) 765; Texas & N. O. Ry. Co. v. Cunning-

ham (Tex. Civ. App.) 168 S. W. 428; Smith v. Galveston-Houston Electric Ry. Co. (Tex. Com. App.) 277 S. W. 103; Texas & P. Ry. Co. v. Tucker, 48 Tex. Civ. App. 115, 106 S. W. 764; 52 C. J. p. 468, § 2041.

In view of the history of this litigation, there is no necessity for an extensive statement of the testimony. As bearing upon both the alleged primary negligence of the defendant and the contributory negligence of the deceased at the time of his death, suffice it to say that the plaintiff's testimony, in substance, presents that the deceased Miller Sageser, on December 7, 1927, drove his Ford car at the rate of 10 or 12 miles per hour on to the track of the defendant at a public railroad crossing in the town of Stephenville. There the defendant's train collided with the said car, resulting in Sageser's death. That crossing was situated at a well-settled portion of the outskirts of the town, and the crossing was commonly used by pedestrians and vehicles. According to the jury verdict, the train, at the time of the collision, was running at a negligent rate of speed.

■ At the time of his death, Sageser and wife resided in the country. On the day of the accident he had come to Stephenville and was returning, accompanied by his sister. The minor child, who is one of the plaintiffs, was born that night. The weather was freezing, and a brisk north wind was blowing. The curtains of the car were up, and had the usual isinglass openings to the side. The windshield was that ordinarily found in a Ford car. The sister was an adult woman, sitting to the side from which the train approached. There is some testimony to the effect that, before passing on to the track, the deceased looked in the direction from which the train was coming, and that the automobile seemed to pass over rough ground just as it went on to the right of way. This is presented as having a tendency to distract Sageser's attention and impede his progress as he drew in front of the approaching train. To what extent, if any, the deceased was hindered or obstructed in his view of the approaching train, its distance from him, and its speed, by the situation and circumstances surrounding him at the time he passed on to the track, cannot be known, except as those circumstances have been considered in connection with others by the jury in passing upon the care he exercised on that occasion. The testimony was further to the effect that Sageser was doubtless acquainted with the crossing, having resided in that section of country for many years, and that he was familiar with the scheduled time at which the train passed that point. There was testimony that the train was fifteen or twenty minutes late on that occasion. From this the deduction is made that, had the train been on scheduled time, it would have passed before Sageser reached and endeavored to cross the track. The testimony also disclosed that the train hit the car behind the hub of the hind wheel, thus indicating a one-half turn more of the wheel would have put the car and the driver on safe ground. To what extent these circumstances and considerations determine the conduct of the deceased at the time of the accident, or to what extent they would have determined the conduct of an ordinarily prudent person under the same circumstances in endeavoring to pass over the crossing, is undoubtedly a question of fact to be decided by the jury, and this court is of the opinion that it would not be warranted in holding that no inference but one of negligence can be drawn from the facts and circumstances attending and immediately preceding the tragedy which resulted in the death of Miller Sageser. The above circumstances, in connection with others shown by the record, support this conclusion.

■ Further, it is a general rule in this state that the failure of one about to go over a public railroad crossing to look and listen for an approaching train does not, of itself, constitute negligence as a matter of law. Trochta v. M., K. & T. Ry. Co. (Tex. Com. App.) 218 S. W. 1038. However, the issues as to whether the deceased listened, kept proper lookout, etc., were found in favor of the plaintiffs, but the point is, it is not negligence per se for a person to go upon a public railroad crossing. Again, in Freeman v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 285 S. W. 607, 609, it is said, in disposing of a crossing case: "Defendant's special issue No. 12 was further erroneous in that it assumed that it was the duty of the plaintiff to stop his automobile, upon discovering the approach of the train, regardless of any circumstance whatsoever; that is, regardless of the distance of the train, its speed, or of his proximity to or distance from the crossing. In determining what course to pursue a reasonably prudent man would be governed largely by these circumstances. The train might be at such distance when discovered and the plaintiff at such proximity to the crossing as that there would be little or no risk whatever in proceeding, and the chance might be one that any prudent person would take. Unless an act is made negligent by statute or unless it is so plainly such that reasonable minds cannot differ about it, the question always is for the jury. Barron v. Ry. Co., supra [(Tex. Com. App.) 249 S. W. 825]; * * * Pearson v. T. & N. O. Ry. Co. (Tex. Com. App.) 238 S. W. 1108."

In this connection attention is also called to the opinions in Lancaster v. Browder (Tex. Civ. App.) 243 S. W. 625; Id. (Tex. Com. App.) 256 S. W. 905; Texas Electric Ry. Co. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 9 S.W.(2d) 185, 187; Galveston, H. & S. A. Ry. Co. v. Leifeste (Tex. Civ. App.) 8 S.W.

(2d) 764, 765, and numerous authorities cited in the opinion of this court on the former appeal. Further, our views on the questions above discussed are the same as those entertained by this court on the former appeal, and which were presented for review to the Supreme Court and left undisturbed.

Other assignments attack the court's charge on the burden of proof. It reads as follows: "The burden of proof is upon the defendant to establish affirmative answers to special issues Nos. 6 to 23, inclusive, by a preponderance of the evidence." The exception to this charge raises two points: First, because the court should not have placed the burden in the above respects on the defendant at all, since the plaintiff, both by pleadings and proof, raised the issue of contributory negligence, and the burden was therefore on the plaintiffs to excuse such negligence on the part of the deceased, or to prove that the deceased was not guilty of negligence in driving his car on to the defendant's track at the crossing; and, second, that the charge is erroneous, in that it is calculated to lead the jury to believe that they were to consider only the testimony offered by the defendant on the issue of contributory negligence.

In support of the first contention, the appellant cites and relies on the following cases: Texas Traction Co. v. Wiley (Tex. Civ. App.) 164 S. W. 1028; Gulf, C. & S, F. Ry. Co. v. Scott (Tex. Civ. App.) 27 S. W. 827; International & G. N. Ry. Co. v. Lewis (Tex. Civ. App.) 63 S. W. 1091; Missouri, K. & T. Ry. Co. of Texas v. Jolly, 31 Tex. Civ. App. 512, 72 S. W. 871. If these authorities state a correct rule of law, it is clear that the rule has no application to this case, for, as we interpret the pleadings and the testimony, the plaintiffs make no such case against themselves. The brief points out no specific testimony or pleading whatsoever that would establish such case against them. However, we have not rested the matter on the consideration of briefing, but have examined the plaintiffs' pleadings and testimony, and do not believe that a fair construction of them would warrant the conclusion that the plaintiffs have in either instance presented a case of contributory negligence on the part of the deceased.

■ However, if we be in error in the immediately preceding conclusions, then we are of opinion that the rule of law contended for by the appellant does not obtain in this state, and has not so obtained since the opinion by our Supreme Court through Chief Justice Gaines in the case of Houston & T. C. R. Co. v. Anglin, Jr., 99 Tex. 349, 89 S. W. 966, 968, 2 L. R. A. (N. S.) 386. The same point was made in that case, and in disposing of it the Supreme Court said: "It is also insisted that the evidence of the plaintiff and of his own witnesses exposed him to a sus-

picion of contributory negligence, and that therefore the burden was upon him to show that he was not guilty of such negligence. That rule was at one time recognized by this court as the law of this state, but it is now definitely settled that in every case in which the plaintiff seeks to recover of defendant on the ground of negligence of the defendant, and the defendant relies upon the defense of contributory negligence, in order to maintain that defense, it must appear by a preponderance of the evidence that the plaintiff was guilty of such negligence."

That authority has been followed in the following cases: . Fort Worth & D. C. Ry. Co. v. Lovett (Tex. Civ. App.) 263 S. W. 643; Louisiana Ry. & Nav. Co. of Texas v. Cotton (Tex. Civ. App.) 1 S.W.(2d) 393; Smith v. Dallas Ry. Co. (Tex. Civ. App.) 8 S.W.(2d) 548; Houston Belt & Terminal Ry. Co. v. Davis (Tex. Civ. App.) 19 S.W.(2d) 77, 81; Fort Worth Gas Co. v. Cooper (Tex. Civ. App.) 241 S. W. 282; Houston & T. C. Ry. Co. v. Harris, 103 Tex. 422, 128 S. W. 897; Galveston H. & S. A. Ry. Co. v. Pennington (Tex. Civ. App.) 166 S. W. 464, 468.

■ Further, the form of the charge in other respects stands approved by the authorities in this state. Houston & T. C. Ry. Co. v. Stevenson (Tex. Com. App.) 29 S.W.(2d) 995; Regester v. Lang (Tex. Civ. App.) 33 S.W.(2d) 230, 233; Reed v. Bates (Tex. Civ. App.) 32 S.W.(2d) 216; Texas Elec. Ry. Co. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 9 S.W.(2d) 185, 189; Maryland Casualty Co. v. Boverie (Tex. Civ. App.) 37 S.W.(2d) 310, by this court, and the many authorities therein cited.

■ The defendant requested six special issues covering various phases of the case. They were refused by the court and the points preserved, and are here briefed together under a general statement, accompanied by no authorities on either particular point. We have considered the points presented, and are quite certain that the matters suggested by these special issues were either fairly embraced in the court's issues to the jury or they pertained to merely evidentiary matters. In either event, no error is disclosed. The point is overruled.

■ In the next point the defendant complains that the issues pertaining to damages, etc., amount to a prejudicial comment upon the weight of the evidence. We have carefully examined this contention, and we do not believe that said issues in any degree assumed as true and in favor of the plaintiffs any issue of fact. Certainly this is true when taken in connection with other issues and the charge as a whole. Morten Inv. Co. v. Trevey (Tex. Civ. App.) 8 S.W.(2d) 527, 539, 540. The proposition is overruled.

For the reasons assigned, the judgment of the trial court is affirmed.